No. 14-3006
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA, as conservator for J.M.K., a minor,

*Appellee*,

v.

JONES DAY and JUNE K. GHEZZI,

*Appellants*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
_____

**OPPOSITION TO MOTION TO FILE AMICUS BRIEF**
_____

DANIEL E. REIDY
KENTON J. SKARIN
JONES DAY
77 W. Wacker
Chicago, IL  60601
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

SHAY DVORETZKY
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC  20001
Telephone:  (202) 879-3939
Facsimile:   (202) 626-1700

*Counsel for Appellants*

Appellants Jones Day and June K. Ghezzi ("Appellants") oppose the motion of Stephen D. Susman and Thomas M. Melsheimer for leave to file an amicus brief.[1]  Proposed amici have no interest in this case, Fed. R. Civ. P. 29(b)(1), nor is their proposed brief "relevant to the disposition of the case." *Id.* at 29(b)(2).

Proposed amici seek to promote their preferred mode of litigation, which they term "a process known as 'trial by agreement.'"  Mtn. at 2.  But the underlying trial in this appeal was in fact conducted in a manner approximating "trial by agreement," Br. 3-5, 32-38, without the "tooth and nail" fighting that proposed amici decry.  Mtn. at 2-3.  Instead:

- This case was litigated efficiently and collegially and without a single contested discovery motion by either side.  Br. 5, 31.

- The depositions at issue in this case were short—one lasting three hours and two minutes and the other four hours and ten minutes.  Br. 4.

- Plaintiff's counsel never voiced any concerns about deposition defense.  Br. 32-36.

- The parties conducted the depositions in accordance with their own convention.  *Id.*

---

[1] Proposed amici's Motion for Leave to File Amicus Brief, filed November 7, 2014, is referenced here as "Mtn.," while the proposed amicus brief attached to that motion is referenced as "Amicus."  Appellants' opening brief, filed November 4, 2014, is referenced as "Br."

- Appellants took the depositions of only three fact witnesses and five of Plaintiff's seven expert witnesses. Br. 36.
- The parties stipulated to a joint protective order and agreed to discovery timelines and extended them as necessary. Br. 36-37.
- Appellants allowed Plaintiff to depose defense experts remotely. Br. 37.
- Appellants allowed Plaintiff to use depositions from a different jurisdiction on similar issues to avoid duplicative costs. *Id.*
- Even the trial court recognized that both sides "'were very, very professional in working with each other and very, very professional in working with me.'" *Id.* (quoting A193:25-194:3).

As a result, the "problem" that proposed amici purport to identify is not presented by this case. Amicus 4, 6. Indeed, consistent with proposed amici's specific suggestions, Appellants in fact *did* "limit[] the number and length of depositions," avoided discovery disputes, and *agreed* with Plaintiff's counsel to the "quick entry of a protective order." Amicus 6-7.

Proposed amici are free to propound their views about litigation conduct through their website, *see* Amicus 3 n.5 (citing Susman's "Trial By Agreement" website), or through articles. *See id.* at 6 n.7 (explaining that "[a] significant amount of the analysis in this brief" is summarized from an article by proposed amici). But this appeal is not the proper forum for general proposals to remake the

2

litigation system—particularly when the underlying case was already litigated in a manner apparently generally consistently with those proposals. Proposed amici's motion should be denied.[2]

---

[2] Proposed amici also address the district court's conclusion that it had authority to impose sanctions *sua sponte*, Amicus 10-12, but in doing so they merely parrot the district court's order and offer no additional analysis that could aid this Court. Further, two unpublished orders cited earlier in the proposed brief undermine their argument as both involved deposition disputes in which the parties raised the issues with the court. *See* Amicus 3 n.3 (citing *Verinata Health Inc. v. Ariosa Diagnostics Inc.*, 12-cv-5501 (N.D. Cal. Sept. 16, 2014); *MAG Aerospace Indus., Inc. v. B/E Aerospace Inc.*, 13-cv-6089 (C.D. Cal. Aug. 22, 2014)).

3

November 18, 2014

Respectfully submitted,

/s/Daniel E. Reidy

DANIEL E. REIDY
KENTON J. SKARIN
JONES DAY
77 W. Wacker
Chicago, IL 60601
Telephone: (312) 782-3939

SHAY DVORETZKY
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Telephone: (202) 879-3939

*Counsel for Appellants*

# CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 18th day of November, 2014.

/s/ Kenton J. Skarin
Kenton J. Skarin

*Counsel for Appellants Jones Day and June K. Ghezzi*