No. 14-3006
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

THE SECURITY NATIONAL BANK OF SIOUX CITY, IOWA, as conservator for J.M.K., a minor,

*Appellee*,

*v.*

JONES DAY and JUNE K. GHEZZI,

*Appellants*.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
_____

**OPPOSITION TO MOTIONS OF PROPOSED AMICI TO FILE AMICUS BRIEFS**
_____

DANIEL E. REIDY
KENTON J. SKARIN
JONES DAY
77 W. Wacker
Chicago, IL 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

SHAY DVORETZKY
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Appellants*

Appellants Jones Day and June K. Ghezzi ("Appellants") oppose the renewed motions of Stephen D. Susman and Thomas M. Melsheimer ("Susman") and the Iowa Association for Justice for leave to file amicus briefs.[1] They similarly oppose the motions of the American Association for Justice and the American Board of Trial Advocates.[2] None of the proposed amici's briefs complies with Fed. R. App. P. 29(e) because no response brief has been filed in this case that they could be construed to support. Amici instead seek to interject their generalized views even though the district court and plaintiff chose to stand on the order below. In addition, the renewed motions of Susman and the Iowa Association for Justice are substantively identical to previously-filed motions denied by this Court and should again be denied. Finally, Susman's proposed amicus brief remains irrelevant under the uncontested facts and is independently improper as a result.

I. **NONE OF THE PROPOSED AMICI'S MOTIONS IS PROPER UNDER FED. R. APP. P. 29(e)**

Each of the proposed amici's motions should be denied under Fed. R. App. P. 29(e). Under that Rule, an amicus curiae brief must be filed "no later than 7

---

[1] *See* Susman & Melsheimer, Motion for Leave to File Amicus Brief Pursuant to Federal Rule of Appellate Procedure 29(a), No. 14-3006 (8th Cir. Dec. 4, 2014); Iowa Association for Justice, Motion to File *Amicus Curiae*, No. 14-3006 (8th Cir. Dec. 5, 2014).

[2] *See* Motion of the American Association for Justice for Leave to File *Amicus Curiae Brief*, No. 14-3006 (8th Cir. Dec. 10, 2014); American Board of Trial Advocates, No. 14-3006 (8th Cir. Dec. 10, 2014).

days *after the principal brief of the party being supported is filed.*" *Id.* (emphasis added). This Court previously cited Rule 29(e) to deny the motions of Susman and the Iowa Association for Justice to participate as amici in this case as "premature." *See* Clerk Order, No. 14-3006 (8th Cir. Dec. 2, 2014). While the Susman and Iowa Association for Justice motions and the denial order were entered before the deadline for filing a response brief passed, this Court's denial could only have been predicated on Rule 29(e)'s direction that a proposed amicus brief must be filed subsequent to a "principal brief" that it "support[s]."

The same rule controls today. None of the proposed amici supports, or even purports to support, any party's brief in this case. Nor could they, as no brief was filed by the December 5, 2014 deadline for response briefs under Fed. R. App. P. 31(a)(1). Although the district court below presumably could have requested a United States Attorney to appear on its behalf, *see* 28 U.S.C. §§ 516-519, it chose instead to stand on the reasoning of the sanctions order under review. Similarly, Counsel for Appellee Security National Bank of Sioux City waived any participation in the district court's sanctions proceeding below, *see* Separate Appendix of Appellants, No. 14-3006, at A203 (8th Cir. Nov. 4, 2014) (noting waiver), and further filed a letter with this Court indicating that it "will not be filing an appellate brief" in this case. Letter from Appellee, No. 14-3006 (8th Cir. Dec. 3, 2014).

As a result, there has been no filing that proposed amici could support under Rule 29(e) that would make their motions proper.[3] Instead, the amici attempt to inject themselves into a proceeding in which the parties in interest have declined to participate. Rule 29(e) recognizes that distinction by limiting participation of third party amici to support of actual participants with an actual interest in the case. And whatever their theoretical interests in general litigation practices, proposed amici provide no practical insights for this case beyond those *already* provided by the district court's order below. Their motions should be denied.[4]

## II. SUSMAN AND THE IOWA ASSOCIATION FOR JUSTICE PROVIDE NOTHING NEW IN SPITE OF THIS COURT'S PRIOR DENIAL OF THEIR MOTIONS

As already explained, this Court previously denied Susman and the Iowa Association for Justice's motions as improper under Rule 29(e). While both

---

[3] While Rule 29(e) recognizes that amicus briefs can be filed in support of neither side, each of the proposed amici is clearly opposed to Appellants and does not even claim to fall within this exception. Nor would this exception render any of their motions timely, since proposed amicus briefs in support of neither side must be filed "no later than 7 days after the appellant's . . . principal brief is filed," Rule 29(e), or in this case by November 12, 2014.

[4] There is an additional, practical reason to deny amici's motions on this basis as well. Typically an appellant is able to reply to any arguments raised by amici in its reply brief, which is filed "within 14 days after service of the appellee's brief." Fed. R. App. P. 31(a)(1); *see also* Rule 29(e), 1998 Committee Notes (seven day delay for amici adopted so that "[t]he opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading"). If proposed amici were allowed to file in this case in the absence of any filing by Appellee, Appellants would be deprived of any opportunity to respond.

Appellate Case: 14-3006     Page: 4     Date Filed: 12/13/2014 Entry ID: 4225698

proposed amici have now re-filed, neither has addressed the deficiency this Court highlighted. Instead, each offered the exact same motions and briefs with the addition of a single, new, introductory paragraph providing additional procedural background.

As already explained, the Court's prior denial is predicated on Rule 29(e)'s direction that a proposed amicus brief must be filed subsequent to a "principal brief" that it "support[s]." Neither Susman nor the Iowa Association for Justice took the opportunity afforded by their renewed motions to explain why the outcome should be any different today. Nor could they. Their briefs still do not support any principal brief of a party and must again be rejected.

## III. SUSMAN STILL HAS NO INTEREST IN THIS CASE, AND HIS PROPOSED BRIEF REMAINS IRRELEVANT

Finally, Susman's motion should be also rejected for the reasons explained in Appellants' previous opposition.[5] *See* Opposition to Motion to File Amicus Brief, No. 14-3006 (8th Cir. Nov. 18, 2014). In spite of the opportunity this Court's denial afforded to revise the motion and proposed brief, Susman presents

---

[5] Susman's renewed Motion for Leave to File Amicus Brief, filed December 4, 2014, is referenced here as "Mtn." While Susman's proposed amicus brief is not available on Pacer pending this Court's ruling, his counsel has informed counsel for Appellants that the brief is unchanged from the denied proposed amicus brief, which was attached to the initial, November 7, 2014 Motion for Leave to File Amicus Brief. That proposed amicus brief is referenced as "Susman." Appellants' opening brief, filed November 4, 2014, is referenced as "Br."

4

the same irrelevant assertions. As a result, he still has no interest in this case, Fed. R. Civ. P. 29(b)(1), nor is the proposed brief "relevant to the disposition of the case." *Id.* at 29(b)(2).

Susman seeks to promote his preferred mode of litigation, which he terms "a process known as 'trial by agreement.'" Mtn. at 2. But the underlying trial in this appeal was in fact conducted in a manner approximating "trial by agreement," Br. 3-5, 32-38, without the "tooth and nail" fighting that Susman decries. Mtn. at 2-3. Instead:

- This case was litigated efficiently and collegially and without a single contested discovery motion by either side. Br. 5, 31.
- The depositions at issue in this case were short—one lasting three hours and two minutes and the other four hours and ten minutes. Br. 4.
- Plaintiff's counsel never voiced any concerns about deposition defense. Br. 32-36.
- The parties conducted the depositions in accordance with their own convention. *Id.*
- Appellants took the depositions of only three fact witnesses and five of Plaintiff's seven expert witnesses. Br. 36.
- The parties stipulated to a joint protective order and agreed to discovery timelines and extended them as necessary. Br. 36-37.

5

- Appellants allowed Plaintiff to depose defense experts remotely. Br. 37.
- Appellants allowed Plaintiff to use depositions from a different jurisdiction on similar issues to avoid duplicative costs. *Id.*
- Even the trial court recognized that both sides "'were very, very professional in working with each other and very, very professional in working with me.'" *Id.* (quoting A193:25-194:3).

As a result, the "problem" that Susman purports to identify is not presented by this case. Susman 4, 6. Indeed, consistent with proposed amici's specific suggestions, Appellants in fact *did* "limit[] the number and length of depositions," avoided discovery disputes, and *agreed* with Plaintiff's counsel to the "quick entry of a protective order." *Id.* 6-7.

Susman is free to propound his views about litigation conduct through his website, *see id.* at 3 n.5 (citing Susman's "Trial By Agreement" website), or through articles. *See id.* at 6 n.7 (explaining that "[a] significant amount of the analysis in this brief" is summarized from an article by proposed amici). But this appeal is not the proper forum for general proposals to remake the litigation system—particularly when the underlying case was already litigated in a manner

6

apparently generally consistently with those proposals. Susman's motion should be denied for this reason as well.[6]

Dated: December 13, 2014  Respectfully submitted,

/s/Daniel E. Reidy

DANIEL E. REIDY
KENTON J. SKARIN
JONES DAY
77 W. Wacker
Chicago, IL 60601
Telephone: (312) 782-3939

SHAY DVORETZKY
JONES DAY
51 Louisiana Ave. N.W.
Washington, DC 20001
Telephone: (202) 879-3939

*Counsel for Appellants*

---

[6] Susman also addresses the district court's conclusion that it had authority to impose sanctions *sua sponte*, Susman 10-12, but in doing so he merely parrots the district court's order and offer no additional analysis that could aid this Court. Further, two unpublished orders cited earlier in the proposed brief undermine Susman's argument as both involved deposition disputes in which the parties raised the issues with the court. *See* Susman 3 n.3 (citing *Verinata Health Inc. v. Ariosa Diagnostics Inc.*, 12-cv-5501 (N.D. Cal. Sept. 16, 2014); *MAG Aerospace Indus., Inc. v. B/E Aerospace Inc.*, 13-cv-6089 (C.D. Cal. Aug. 22, 2014)).

7

# CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 13th day of December, 2014.

/s/ Kenton J. Skarin
Kenton J. Skarin

*Counsel for Appellants Jones Day and June K. Ghezzi*